UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ROGER L. WILLIAMS, | |
| Plaintiff, | REPORT and |
| v. | RECOMMENDATION |
| CHAUTAUQUA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, | 16-CV-957-JLS(F) |
| Defendant. | |

_____

APPEARANCES:   ROGER L. WILLIAMS, *Pro se*
               43 Sampson Street
               Apt. 3
               Jamestown, New York  14701


               WEBSTER SZANYI, LLP
               Attorneys for Defendant
               RYAN G. SMITH, and
               SHANNON BRAE O'NEILL, of Counsel
               424 Main Street
               Suite 1400
               Buffalo, New York  14202


## **JURISDICTION**

This case was referred to the undersigned by Honorable Lawrence J. Vilardo on December 2, 2019, for all pretrial matters including preparation of a report and recommendation on dispositive motions.[1]  The matter is presently before the court on Defendant's motion to dismiss filed November 27, 2019 (Dkt. 7).

---

[1] By Text Order entered January 5, 2020, this case was reassigned to Honorable John L. Sinatra, Jr. (Dkt. 10).

## **BACKGROUND and FACTS**[2]

Plaintiff Roger L. Williams ("Plaintiff" or "Williams"), commenced this civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendant Chautauqua County Department of Health and Human Services ("Defendant" or "DHHS") engaged in unlawful practices in attempting to collect from Plaintiff child support payments, in violation of the Fourth, Fifth and Fourteenth Amendments. Plaintiff's claims pertain to his former wife's retention of marital and personal property the value of which Plaintiff maintains should have decreased his child support obligations. After unsuccessfully attempting to have the value of such property retained by his ex-wife credited against his support obligations ordered by Chautauqua County Family Court ("Family Court"), Plaintiff took it upon himself to decrease his child support payments to account for his ex-wife' retention of the property, resulting in New York State issuing on March 22, 2005 and May 24, 2005, property executions and restraining notices ["the notices"] pursuant to which money was taken from Plaintiff's bank account to collect the support payment arrearages. As of May 24, 2005, the amount of past due support was calculated to be $ 5,762.90. Dkt. 1 at 9.

On November 27, 2019, Defendant filed the instant motion to dismiss (Dkt. 7) ("Defendants' Motion"), attaching the Declaration of Ryan G. Smith, Esq. (Dkt. 7-1) ("Smith Declaration"), with exhibits 1 through 6 (Dkt. 7-1) ("Defendant's Exh(s). __"), and the Memorandum of Law in Support of Defendant Chautauqua County Department of Health and Human Services' Motion to Dismiss (Dkt. 7-3) ("Defendant's Memorandum"). Plaintiff did not file any papers opposing Defendant's Motion. On

---

[2] The Facts are taken from the pleadings and motion papers filed in this action.

January 7, 2020, Defendant filed the Reply Declaration of Ryan G. Smith, Esq. (Dkt. 11) ("Smith Reply Declaration").  Oral argument was deemed unnecessary.

Based on the following, Defendant's Motion should be GRANTED on the ground that Defendant DHHS is not an entity capable of being sued as well as on several of Defendant's alternative grounds.

## DISCUSSION

**1.     Motion to Dismiss**

Defendant argues in support of dismissal for failure to state a claim that Plaintiff's claims are time-barred, Defendant's Memorandum at 3-4, are barred by the *Rooker-Feldman* doctrine, *id*. at 4-8, and barred by the doctrines of *res judicata* and collateral estoppel, *id*. at 8-10, DHHS is not a suable entity, *id*. at 10-11, Plaintiff fails to state a claim for vicarious liability against Chautauqua County ("the County"), pursuant to *Monell v. Dep't of Social Servs. of N.Y. City*, 436 U.S. 658, 691 (1978) ("*Monell*"), *id*. at 11-12, and Plaintiff fails to allege a Fifth Amendment violation.  *Id*. at 13.  As stated above, Plaintiff did not file any papers opposing dismissal.

On a motion to dismiss under Rule 12(b)(6), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor).  The Supreme Court requires application of "a 'plausibility standard. . . .'" *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Despite *Twombly*, courts remain obligated to liberally construe a *pro se* complaint. *Harris*, 572 F.3d at 72 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

At the outset, the court observes that despite the fact that Plaintiff is *pro se*, Defendant did not admonish Plaintiff that Defendant's motion seeking dismissal of the Complaint for failing to state a claim could result in the termination of Plaintiff's action. Although prior to granting a defendant's summary judgment motion, a *pro se* plaintiff is entitled to notice that such plaintiff's failure to respond in opposition to summary judgment may result in the dismissal of the plaintiff's action, *Irby v. New York City Transit Authority*, 262 F.3d 412, 414 (2d Cir. 2001), no similar warning applies to motions to dismiss pursuant to Fed.R.Civ.P. 12. *See, cf., West v. Goord*, 423 Fed.Appx. 66, 68 (2d Cir. 2011) (holding district court abused its discretion in dismissing *pro se* plaintiff's complaint for failure to state a claim by, *inter alia*, warning the plaintiff that failure to respond to motion to dismiss pursuant to Rule 12(e) and 12(f) could result in dismissal of the action which only served to confuse the plaintiff, causing the plaintiff to miss the deadline to respond). Accordingly, Defendant's failure to specifically warn Plaintiff that Defendant's Motion seeks dismissal of Plaintiff's action does not preclude the court from reaching the merits of Defendant's Motion.

2.     **Non-Suable Entity**

At the outset, the court addresses Defendant's argument, Defendant's Memorandum at 10-11, that, as a municipal department, DHHS is not an entity capable of being sued. A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) may be granted where the *pro se* plaintiff asserts claims against a non-suable entity. *See Jackson v. Rikers Island Facility*, 2011 WL 3370205, at * 2 (S.D.N.Y. 2011) (granting motion to

dismiss pursuant to Rule 12(b)(6), a § 1983 action brought by *pro se* plaintiff against corrections facility that was part of a municipal agency and, thus, not subject to being independently sued). "Under New York law, departments which are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot sue or be sued." *S.W. by J.W. v. Warren*, 528 F.Supp.2d 282, 302-03 (S.D.N.Y. 2007) ("Because the Department [of Health] is merely an administrative arm of the County [of Orange], it lacks the capacity to be sued in this [§ 1983] action." (citing cases)); *see also McKenzie v. County of Erie*, 2013 WL 5348084, at *2 (W.D.N.Y. Sept. 23, 2013) (dismissing civil rights claims against various departments of Erie County as non-suable entities). Significantly, this court has previously dismissed § 1983 actions brought by *pro se* plaintiffs against county departments because such defendants are not suable entities. *See Bell v. Cayuga County Department of Social Services*, 2018 WL 2100602, at * 2 (W.D.N.Y. May 7, 2018) (dismissing *pro se* plaintiff's § 1983 claims against Cayuga County Department of Social Services, an administrative arm of the county and, as, such, a non-suable entity); *Pierce v. Chautauqua County*, 2007 WL 2902954, at * 3 (W.D.N.Y. Sept. 28, 2007) ("[S]ince the Chautauqua County Sheriff's Department and DSS are merely administrative arms of Chautauqua County, the [§ 1983] claims against them must be dismissed."). Similarly, in the instant case, Plaintiff sues only DHHS which Defendant maintains, and Plaintiff does not dispute, is an administrative arm of Chautauqua County and, as such, cannot be sued. Defendant's Memorandum at 10-11. Accordingly, because DHHS is not a suable entity, Defendant's Motion should be GRANTED.

Nevertheless, because Plaintiff is proceeding *pro se*, the court addresses Defendant's alternative arguments in support of dismissal in the interest of completeness should the District Judge wish to broadly construe the Complaint as though it is asserted against the County of Chautauqua.

**3.      Statute of Limitations**

Defendant argues in support of dismissal that Plaintiff brings his claims beyond the three-year limitations period applicable to § 1983 civil rights claims, Defendant's Memorandum at 3-4. As Defendant maintains, *id*., and Plaintiff does not dispute, Plaintiff's claims are premised on incidents occurring in or before 2005 with the issuance by New York State of the notices permitting the taking of money from Plaintiff's bank account to recoup the amounts for which the Family Court determined Plaintiff was in arrears on support payments.

Section 1983 actions arising in New York are subject to New York's general three-year statute of limitations for torts, N.Y. C.P.L.R. § 214 (McKinney 2019) ("§ 214"). *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002), and N.Y. C.P.L.R. § 214 (McKinney 2013)). "A § 1983 claim 'accrues when the plaintiff knows or has reason to know of the harm [caused by a defendant].'" *Mahany v. City of Buffalo Police Department*, 777 Fed. Appx. 547, 549 (2d Cir. 2019) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)). In the instant case, as Defendant argues, Plaintiff's claims are predicated on incidents occurring with New York's issuance of the Notices, as early as March 22, 2005, and as recently as May 24, 2005. Because Plaintiff did not file the Complaint until December 1, 2016, any

claims that are based on incidents occurring before December 1, 2013 are time-barred unless such claims are part of a continuing violation.

"The continuing violation doctrine, where applicable, provides an exception to the normal knew-or-should-have-known accrual date.'" *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (quoting *Harris v. City of New York*, 186 F.3d 243, 248 (2d Cir. 1999)). "It applies to claims 'composed of a series of separate acts that collectively constitute one unlawful [ ] practice.'" *Id*. (quoting *Washington v. County of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004) (brackets in original) (further internal quotation omitted)). "The continuing violation doctrine thus applies not to discrete unlawful acts, even where those discrete acts are part of a 'serial violation[ ],' but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." *Id*. (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002)). Even with application of the continuing violation doctrine, however, a claim will be timely "only if the plaintiff 'alleges ... some non-time-barred acts' contributing to the alleged violation," *id*. (quoting *Harris*, 186 F.3d at 250) (brackets omitted), and that Plaintiff "continues to feel the effects of a time-barred discriminatory act" is not enough to establish a continuing violation. *Harris*, 186 F.3d at 250 (to establish a continuing violation claim, "the claimant must allege both the existence of an on-going policy of discrimination and some non-time-barred acts taken in furtherance of that policy.").

Further, insofar as Defendant notes, Defendant's Memorandum at 4 n. 16, that "Plaintiff's Complaint make passing reference to claims for defamation and unlawful imprisonment," such claims are asserted, if at all, under New York law and are subject to a one-year statute of limitations, *see* N.Y. C.P.L.R. § 215[3] ("The following actions

7

shall be commenced within one year: . . . an action to recover for . . . false imprisonment, . . . liber, slander, false words causing special damages . . . ."), and thus are also time-barred.

Accordingly, Defendant's Motion should be GRANTED on the basis that Plaintiff's claims are time-barred.

**4.      *Rooker-Feldman* Doctrine**

Defendant argues the Complaint must be dismissed pursuant to the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction.  Defendant's Memorandum at 4-8.  Pursuant to the so-called *Rooker-Feldman* doctrine,[3] "[l]ower federal courts lack subject matter jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *McCluskey v. N.Y.S. Unified Court Sys.,* 442 Fed. Appx. 586, 589 (2d Cir.2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)), *cert denied* 565 U.S. 1208 (2012).  For review to be precluded by the *Rooker–Feldman* doctrine, four elements must be met including,

> First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff must "complain [ ] of injuries caused by [a] state-court judgment[.]"  Third, the plaintiff must "invit[e] district court review and rejection of [that] judgment [ ]."  Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced"—*i.e.,* Rooker—Feldman has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*McKithen v. Brown*, 481 F.3d 89, 97 (quoting *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 85) (2d Cir. 2005), *cert. denied*, 552 U.S. 1179 (2008).

In the instant case, all four elements are met.

---

[3] The *Rooker-Feldman* doctrine is premised on *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

That the Notices permitting the taking of Plaintiff's funds from his bank account were issued after Plaintiff lost in Family Court is evident by the issuance of the Notices in satisfaction of the first element, and it cannot be disputed that Plaintiff complains of injuries attributed to the taking of funds from Plaintiff's account in settlement of the judicially-determined support payment arrearages as the second element requires. Plaintiff, by filing this action, requests the court's review and rejection of the state court's issuance of the Notices as the third element requires.  *See* Complaint at 6-8 (alleging the Notices were issued based on false and deceptive statements by Plaintiff's ex-wife and DHHS employees).  Further, the notices were issued in 2005, well-prior to Plaintiff's commencement of the instant action on December 1, 2016, thus satisfying the fourth element.  Moreover, this court has specifically held the *Rooker-Feldman* doctrine bars review in this court of Family Court proceedings such as those alleged by Plaintiff occurred in this case.  *See Chestnut v. Gabler*, 2007 WL 529556, at * 3 (W.D.N.Y. Feb. 13, 2007) ("To the extent plaintiff is asking this Court to review the proceedings before the Allegany County Family Court, said review by this Court is barred by the *Rooker-Feldman* doctrine and the complaint must be dismissed accordingly.").

Defendant's motion to dismiss based on the *Rooker-Feldman* doctrine should be GRANTED.

**5.** ***Res Judicata* and Collateral Estoppel**

Defendant argues in support of dismissal that Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel based on Plaintiff's filing of two prior actions in this court including *Williams v. Williams*, 11-CV-246S ("First Action"), and *Williams v. Williams*, 16-CV-642V ("Second Action").  A subsequent action is subject to

dismissal based on *res judicata* if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d, 78, 91 (2d Cir. 2001). "Collateral estoppel is permissible as to a given issue if '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party [against whom collateral estoppel is asserted] had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'" *Bear, Stearns & Co., Bear, Stearns Sec. Corp. v. 1109580 Ontario, Inc.* ("*Bear Stearns*"), 409 F.3d 87, 91 (2d Cir. 2005) (quoting *Interoceanica Corp. v. Sound Pilots, Inc.,* 107 F.3d 86, 91 (2d Cir.1997) (internal quotation marks omitted)). As such, both *res judicata* and collateral estoppel require the prior action involve the same parties or those in privity with them. In the instant case, however, neither DHHS nor the County was a party to either the First or Second Action. Accordingly, Defendant's *res judicata* and collateral estoppel arguments are without merit and do not support Defendant's Motion.

6. ***Monell* Liability**

Defendant argues in support of dismissal that insofar as Plaintiff's Complaint is construed as alleging claims against Chautauqua County under the doctrine of *respondeat superior*, Plaintiff has failed to allege the requisite official custom or policy giving rise to Plaintiff's claims as required by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("*Monell*") (local governments cannot be held liable for § 1983 violations by employees under a theory of *respondeat superior*, but can be held liable

10

only when such violation arises form a governmental policy or custom). Defendant's Memorandum at 11-12. The three elements of a *Monell* claim against a municipality include "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)); *see also Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) ("Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting *Monell*, 436 U.S. at 691)). In the instant case, Plaintiff, by failing to point to any official policy or custom which he maintains caused Plaintiff to be denied of any constitutional right, has failed to state a claim pursuant to *Monell*.

Defendant's Motion to dismiss should be GRANTED as to any claim for municipal liability against the County based on *respondeat superior*.

**7.     Fifth Amendment**

Defendant argues that because the Fifth Amendment protects against self-incrimination and federal action, such claim must be dismissed because the Complaint contains no factual allegations in support of such claim applicable to the federal government. Defendant's Memorandum at 13. Liberally construing the Complaint as alleging a Fifth Amendment due process claim, "the due process analysis is basically the same under both the Fifth and Fourteenth Amendments." *Chew v. Dietrich,* 143 F.3d 24, 28 n. 4. (2d Cir.1998). The Supreme Court, however, "has held that the due process clause of the Fifth Amendment prohibits federal action if the same action taken by a state would be proscribed under the Fourteenth Amendment." *United States Postal Service v. Brennan,* 574 F.2d 712, 717 n. 10 (2d Cir.1978) (citing *Bolling v.*

*Sharpe,* 347 U.S. 497, 499 (1954)).  In the instant case, however, Plaintiff's claims challenge only actions taken by Defendant under New York law and, as such, Plaintiff, at most, alleges a violation of the Due Process Clause of the Fourteenth Amendment, but not the Fifth Amendment.

Defendant's Motion should be GRANTED insofar as Plaintiff asserts a Fifth Amendment due process violation.

## 8. Dismissal with Prejudice

Although dismissal of a *pro se* plaintiff's claims for failure to state a claim is generally without prejudice and with leave to replead, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Here, the problems with Plaintiff's claims, as pleaded, are substantive such that further pleading cannot cure them and would be futile.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming dismissal of *pro se* plaintiff's claim for failure to state a claim with prejudice and without leave to replead where even a liberal reading of the complaint failed to suggest plaintiff had merely inadequately or inartfully pleaded and plaintiff, speaking through counsel on appeal, suggested no new material that could be pleaded to sufficiently reframe claim, such that repleading would be futile).  In this case in particular, such futility is demonstrated by the fact that Plaintiff's claims are time-barred.  Accordingly, the dismissal of Plaintiff's claims should be with prejudice and without leave to replead.

## **CONCLUSION**

Based on the foregoing, Defendant's Motion (Dkt. 7), with regard to every argument except the argument seeking dismissal based on *res judicata* or collateral estoppel, should be GRANTED; the Complaint should be DISMISSED with prejudice; the Clerk of Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   October 19th, 2021
             Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiff and the attorneys for the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   October 19th, 2021
         Buffalo, New York