UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

ROGER L. WILIAMS,

    Plaintiff,

v.                               16-CV-957 (JLS) (LGF)

CHAUTAUQUA COUNTY
DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

    Defendant.

───────────────────────────────

## DECISION AND ORDER

    Plaintiff Roger L. Williams commenced this action on December 1, 2016, when he filed a complaint alleging claims against Defendant Chautauqua County Department of Health and Human Services for violations of the United States Constitution based on action taken to collect overdue child support payments from Williams's accounts. Dkt. 1.

    Defendant moved to dismiss the complaint.[1] Dkt. 7. Judge Vilardo referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 8. Judge Foschio issued a scheduling order, which gave Williams a month to respond to Defendant's motion to dismiss. Williams did not respond, but Defendant replied. Dkt. 11.

───────────────────────

[1] Before the complaint proceeded to service, the district judge previously assigned to this case, Hon. Lawrence J. Vilardo, issued an order dismissing certain claims. *See* Dkt. 3. Defendant's motion to dismiss—and the Report and Recommendation addressing that motion—deal only with Williams's remaining claims.

On October 19, 2021, Judge Foschio issued a Report and Recommendation ("R&R"), recommending that this Court[2] grant Defendant's motion to dismiss on several grounds, and dismiss Williams's complaint with prejudice and without leave to amend. Dkt. 12. Judge Foschio warned Williams that he must file any objections to the R&R within 14 days of being served with the R&R. *See id.* at 12.

No party objected to the R&R, and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects, and must review any objected-to portion of a magistrate judge's order for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Though not required to do so here, this Court nevertheless reviewed Judge Foschio's R&R and the relevant record. Based on that review, and absent any objections, the Court accepts and adopts the R&R. The Court agrees that dismissal with prejudice is appropriate under these circumstances—even though Williams is a *pro se* plaintiff—because, under a liberal reading, the complaint gives no indication that Williams may state a valid claim. *See Curry-Malcolm v. Rochester City Sch. Dist.*,

---

[2] The Clerk of Court reassigned this case to the undersigned on January 5, 2020. Dkt. 10.

835 F. App'x 623, 626 (2d Cir. 2020). In particular, leave to amend is futile at least because Williams's claims are time-barred, and he alleged no facts to support applying the continuing violation doctrine. Williams's failure to oppose Defendant's request for dismissal—either in response to Defendant's motion to dismiss or in objections to the R&R—further supports the futility of any amendment here.

For the reasons stated above and in the R&R, the Court **GRANTS Defendant's motion to dismiss (Dkt. 7)**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and, therefore, **DENIES leave to appeal as a poor person**. *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962).

Williams must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure

The Clerk of Court shall close this case, and shall mail a copy of this decision and order to Williams at his address of record.

SO ORDERED.

Dated:       December 21, 2021
             Buffalo, New York

                                             _____
                                             JOHN L. SINATRA, JR.
                                             UNITED STATES DISTRICT JUDGE